**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAVINDER KAUR MAHLI, | No. 11-73877 |
| Petitioner, | Agency No. A089-650-582 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013**

Before: HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Ravinder Kaur Mahli, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Mahli's admittedly false Canadian asylum application based on a different story, and the inconsistency between her asylum application and testimony about whether she was ever arrested or detained by Indian police. *See id.* at 1046-47 ("[a]lthough inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."); *Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999) ("false statements made to establish the critical elements of the asylum claim . . . involve[] the heart of the asylum claim," rather than being "incidental to the asylum claim[.]") (internal quotation marks and citations omitted). Mahli's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Mahli's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Mahli's CAT claim also fails because it is based on the same testimony found not credible, and she points to no other evidence to compel the finding that it is more likely than not she will be tortured if returned to India. *See Shrestha*, 590 F.3d at 1049. We reject Mahli's contention that the BIA failed to conduct a distinct CAT analysis.

**PETITION FOR REVIEW DENIED.**